# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY PRENTICE,

    *Petitioner*,

vs.

RENEE BAKER, *et al.*

    *Respondents*.

3:10-cv-00743-RCJ-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#24) for leave to conduct discovery and related motions (## 23, 26 & 28) for an extension of time, including requests to extend the time to file a counseled amended petition.

### *Background*

Petitioner's counsel initially contacted the Las Vegas Metropolitan Police Department ("Metro") seeking a copy of the case file for the offense. Counsel eventually served a subpoena duces tecum on Metro after being told that one would be required. Counsel did so without first filing a motion for leave to conduct discovery as required by Rule 6(a) of the Rules Governing Section 2254 Cases (the "Habeas Rules"). Nor did counsel contact respondents' counsel before contacting the Metro records custodian.

The records custodian ultimately told petitioner's counsel, after consulting with the state attorney general's office, that counsel would have to file a motion for discovery under Rule 6(a) as well as obtain a notarized signed release from petitioner for production of his confidential criminal history records.

Only thereafter did petitioner file a motion for discovery under Rule 6.

The motion sought relief based upon representations that: (a) "[p]etitioner's claims of Ineffective Assistance of Counsel required continued investigation in order to support [currently *pro se*] Ground 2 as it relates to the violation of his *Miranda* rights; (b) "[p]etitioner's trial counsel had previously mailed the case file to him and Petitioner is currently indigent and without the means to pay for sending the file to Counsel;" (c) an Ely State Prison ("Ely") "mailroom sergeant informed counsel's office that the only way to get the documents out of ESP is for Petitioner to send them out at his own expense;" and (d) "[c]ounsel requires the Las Vegas Metropolitan Police Department file, including reports and evidence, as Petitioner's ground 2 in his Petition . . . asserts that he was denied his rights under *Miranda* . . . . [and] [t]he [not previously described as a report rather than a file] report is not included in the jury trial exhibits and Petitioner has his entire file."

Other than praying for an "order to acquire and review the LVMPD file in potential support of grounds in the upcoming Amended Petition," the motion did not otherwise specify the documents requested. The fugitive subpoena duces tecum that counsel had served on Metro was not attached. The most recent letter from the Metro records custodian that was attached with the motion, referred to a subpoena request for "any and all records and evidence including, but not limited to, audio and video recordings and documents such as reports for Anthony Prentice." The motion had not provided any reasons for requesting audio and video recordings. The motion instead had referred only to production variously of a "case file," a "LVMPD file," a "report," or "reports" to support a claim of ineffective assistance of counsel as it relates to an alleged *Miranda* violation.

In the opposition, respondents noted, *inter alia*, the lack of specific argument in the motion supporting the much broader request referenced in the attached letter, including the requests for audio and video recordings.

In the reply, petitioner specified for the first time that: (a) he was seeking police reports from the two investigating detectives with regard to a claim of ineffective assistance of counsel in the *pro se* petition based upon trial counsel's alleged failure to investigate the

contents of a "mysterious unrecorded withheld" statement by his co-defendant Retelles; and (b) he was seeking surveillance video with regard to a claim of ineffective assistance of counsel allegedly in the *pro se* petition based upon trial counsel's failure to investigate the video and determine whether a better quality image could be recovered from the recording. Petitioner further made an expanded presentation regarding the relevancy of police reports to the claim of ineffective assistance of counsel in *pro se* Ground 2 based upon trial counsel's failure to challenge introduction of petitioner's statements for lack of *Miranda* warnings.

Thereafter, petitioner filed a notice reflecting that counsel had received from petitioner a copy of a police arrest report. The purported notice further contains extensive argument such that it presents essentially a surreply without prior leave.

### *Discussion*

Under Rule 6(a), "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ." Good cause may be established "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he . . . is entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)(quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969). Federal habeas discovery is the exception rather than the rule, however, and a habeas petitioner "is not entitled to discovery as a matter of course." *Bracy*, 520 U.S. at 904; *Smith v. Mahoney*, 611 F.3d 978, 998 (9th Cir. 2010). Federal habeas discovery is not meant to be a fishing expedition for petitioners to explore their case in search of its existence. *Kemp v. Ryan*, 638 F.3d 1245, 1260 (9th Cir.), *cert. denied*, 132 S.Ct. 553 (2011). The court may consider the likely futility of the discovery in cases where the petitioner has not established a basis for a federal evidentiary hearing on the claims. *Id.* The court further may consider the likely futility of the discovery where federal review, as recognized in *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), is limited under 28 U.S.C. § 2254(d)(1) to the record before the state court that adjudicated the claim on the merits. *See Runningeagle v. Ryan*, 686 F.3d 758, 773-774 (9th Cir. 2012), *petition for cert. filed*, 81 U.S.L.W. 3429 (Nov. 15, 2012).

////

In the present case, the Court is not persuaded that petitioner has demonstrated good cause for discovery on the showing made.

*First*, the Court is not persuaded that it should authorize discovery where it really is not clear what scope of discovery it would be authorizing.

Habeas Rule 6(b) requires that the party requesting discovery of documents "must specify the requested documents." Petitioner never has presented in the motion papers a clearly defined – or consistent – statement of what documents the Court would be authorizing to be obtained by a subpoena duces tecum. The discovery sought is described in multiple not necessarily consistent ways, and petitioner's statements in the motion briefing do not uniformly and consistently line up with what perhaps was sought in the prior subpoena duces tecum. If petitioner wishes to seek production of documents, petitioner, at a minimum, and from the very outset in the original motion, must provide specific and clear language – the very same language that would be used in the operative language in the subpoena duces tecum – so that it is clear what production the Court would be authorizing.

*Second*, the Court is not persuaded that petitioner has demonstrated good cause for discovery under Rule 6(a) to obtain materials that petitioner appears to already have at least in substantial part at Ely.[1]

Petitioner's bare claim that he is "indigent" fails to establish that he is unable to send copies of the materials to counsel. The Court denied pauper status in this matter vis-à-vis the filing fee requirement. The financial materials filed previously herein did reflect that petitioner was financially eligible for appointment of counsel. However, making and mailing copies of course does not involve as substantial of a financial undertaking as retaining counsel. The only financial materials that ever have been presented to the Court in this case reflected that, at one time or another, petitioner in fact has had fairly substantial sums at his disposal, including in amounts of $500.00 and $931.00. See #1. Particularly in a case where pauper

---

[1] As backdrop, it is the Court's understanding from prior habeas cases that counsel likely would not be able to secure either the originals or copies of prior file materials in connection with an in-person meeting with petitioner. Moreover, an inmate is allowed to bring only one manila envelope of materials to a meeting.

1 status has been denied, petitioner must support any claim of alleged indigence in connection
2 with relief sought by presenting a current inmate account statement from the prior six months
3 as would be required for a pauper application.[2]  Further, inmates have a copy credit limit of
4 $100.00.  Thus, in order to establish that petitioner could not copy and mail materials to
5 counsel, he would have to show – via current materials from the institution on both points –
6 that he has neither sufficient funds nor available copy credit limit to do so.

In this same vein, *arguendo* demonstrating a lack of financial ability to copy and mail materials would not necessarily present good cause for discovery.  *If* the predicate discussed in the prior paragraph were established, the Court would not necessarily be averse to authorizing reimbursement pursuant to 18 U.SC. § 3006A(d)(1) of expenses incurred by counsel in posting money to the inmate's account to cover specific expenses for copying and mailing of file materials to counsel.  The Court would not necessarily be averse to authorizing such reimbursement at least in a situation where deposits to the inmate account are not subject to automatic debits.  The prior financial materials on file in this matter do not reflect that deposits to petitioner's account then were subject to such automatic debits.  The Court emphasizes, however, that the foregoing predicate first would have to be laid, that such authorization would be only for the specific necessary amount, and that any diversion of the funds by the inmate to other purposes would be – highly – disfavored.

With regard to discovery under Rule 6(a), however, such particulars regarding the logistics of federal habeas counsel obtaining copies of file materials from the petitioner himself rarely, if ever, will provide a basis for federal habeas discovery directed to others.

The Court further notes in this regard that petitioner's statements regarding what petitioner has in his possession at Ely are not necessarily consistent over the course of the briefing on the motion.  Petitioner suggests at one point that petitioner does not have copies

---

[2]The Court typically denies relief requested on the basis of alleged indigence where the inmate account statement reflects that the inmate has had sufficient funds on hand for a particular purpose but instead has spent available monies on discretionary inmate store purchases.  Just like individuals in the free world, as well as governments for that matter, inmates must make choices between what they want to spend money on and what they need to spend money on.

-5-

of police reports.³ Thereafter, however, petitioner attaches a copy of an arrest report that counsel subsequently obtained from petitioner in support of petitioner's argument for the production of additional materials.⁴

This inconsistency further reinforces the point that counsel first needs to obtain copies of what petitioner himself has before contemplating requesting authorization of – specifically described – discovery directed to others.

*Third*, the Court is not persuaded in this case that petitioner has provided enough context – in advance of the filing of a counseled amended petition together with state court record exhibits⁵ – to adequately assess whether there is good cause for the vaguely-defined discovery request sought. What perhaps may plausibly be argued to be needed discovery in the abstract in fact may not be so when viewed in the context of an adequate state court record pertaining to the underlying merits issues. The record excerpts currently provided by petitioner do not provide such a full and adequate context.⁶

In this regard, the Supreme Court's decision in *Pinholster, supra*, reinforces the advisability generally of considering requests for leave to conduct habeas discovery against the backdrop of adequate state court record materials. As a general matter under *Pinholster*, federal habeas review of a claim considered on the merits by a state court is restricted to the record before the state court. This Court does not inflexibly require that a petitioner establish in advance of obtaining discovery that the potential evidence sought can be considered on federal habeas review and/or that a federal evidentiary hearing is warranted. However, the

---

³See #24, at 2-3.

⁴#29.

⁵See text, *infra*, at 8 & 9 (record exhibit requirements).

⁶For example, petitioner relies extensively in the reply, with regard to *Miranda*-related discovery, on record references to petitioner being placed in handcuffs. Being placed in handcuffs in and of itself does not dictate a finding that an individual was in custody for purposes of *Miranda*. *See,e.g., United States v. Booth*, 669 F.2d 1231, 1236 (9th Cir.1981). Petitioner further maintains in the notice or surreply that the arrest report allegedly reflects that petitioner was arrested for a probation violation prior to making some or all of the statements at issue. The Court does not have sufficient record context at this point in order to determine whether the report establishes a predicate for the vaguely-defined discovery sought.

restriction under § 2254(d)(1) recognized in *Pinholster* against consideration on federal habeas review of evidence that was not before the state courts does tend to reinforce the advisability of addressing requests for federal habeas discovery within an adequate context. Federal habeas review on the merits generally does not constitute a *de novo* review where evidence developed for the first time on federal habeas review is subject to consideration. *Accord Runningeagle, supra.*

*Fourth*, merely because a petitioner has preserved or presented a claim does not establish good cause under Rule 6(a).[7] If the mere presentation of an exhausted claim equated to a showing of good cause, federal habeas discovery would be automatic for all exhausted claims alleged in a federal petition. That is not the governing law. Rather, a habeas petitioner "is not entitled to discovery as a matter of course." *Bracy, supra*; *Smith, supra.*

In sum, it would appear at this juncture that the Court has been presented with a still vaguely-defined fishing expedition into Metro files that counsel improperly initiated in the first instance on an *ex parte* basis without first seeking the required authorization. While petitioner has presented expanding serial rationales for the discovery *post hoc*, the Court is not persuaded on the showing made that petitioner has demonstrated good cause, for the foregoing reasons.

The Court notes that it first learned that petitioner's counsel was pursuing the discovery on an *ex parte* basis without prior authorization in a motion for an extension of time. The Court would look with disfavor on a repeat occurrence, in this or another case, where counsel contacts a law enforcement records custodian aligned with the State for discovery materials on an *ex parte* basis and without filing a motion for discovery under Rule 6(a) for a release of materials not otherwise produced voluntarily following counsel having consulted with respondents' counsel. *Cf. Palmer v. Pioneer Inn Associates, Ltd.*, 118 Nev. 943, 955 & 960,

---

[7] Cf. #27, at 2 ("Therefore, Prentice preserved the issue [as to a particular claim] and has satisfied the 'good cause' requirement . . . .")

59 P.3d 1237, 1244-45 & 1247-48 (2002)(standards concerning contact with employees of a represented party who have "speaking authority" for an organization).[8]  Counsel most certainly should not be serving a subpoena duces tecum, whether for party or third-party discovery, without prior authorization under Rule 6(a).

The Court additionally emphasizes that exhibits containing copies of state court record materials relevant to petitioner's claims – along with a separate stand-alone index of such exhibits – must be filed with the counseled amended petition.  While the Federal Public Defender does so as a matter of course without an express order, the Court has encountered instances recently where a panel attorney did not follow the same practice.  The Court needs for substantially the same procedure to be followed in this regard also when a panel attorney is representing a petitioner.  When petitioner files a counseled amended petition in this case, counsel should file copies of the relevant state court record exhibits along with a separate index in the manner specified at the end of this order.[9]

IT THEREFORE IS ORDERED that petitioner's motion (#24) for leave to conduct discovery is DENIED on the showing made.

IT FURTHER IS ORDERED that petitioner's motion (#26) for an extension of time to file a reply in support of the motion (#24) for discovery is GRANTED *nunc pro tunc* in connection with the reply (#27) filed.

IT FURTHER IS ORDERED that petitioner's motions (## 23 & 28) for an extension of time to file an amended petition are GRANTED and that the time for petitioner to file an amended petition – with indexed exhibits with the relevant state court record materials – is extended up to and including **sixty (60) days** from entry of this order.

---

[8] The Court leaves a discussion of the relevant degree of affiliation or alignment of interest between Metro and the respondents in a habeas case for another day.

[9] If respondents' counsel instead files the state court record materials, as occurred in No. 3:10-cv-347, that also would suffice.  However, regardless of the manner in which the objective is achieved, the Court needs to have the relevant state court record materials on file – with a separate index – at the time that it screens the counseled amended petition.  Advances in technology would appear to have leveled the playing field logistically in this regard at least to a degree as between smaller and larger legal offices.

1  IT FURTHER IS ORDERED that all state court record exhibits filed herein shall be filed with a separate index of chronologically-arranged exhibits identified by number. Exhibits shall be filed in CM/ECF attachments to docket entries; each docket entry and attachment shall identify the exhibit(s) included therein; and as many such exhibits/attachments shall be included under each single docket entry as is technically feasible. Attachments, however, permissibly may consist of only one exhibit. Cf. No. 3:06-cv-00087-ECR-VPC, ## 25-71. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which exhibits are filed in which attachments under which docket entries. In short, counsel shall not file exhibits in a manner that requires this Court or a reviewing court to go "fishing" through multiple unmarked attachments to find specific exhibits.

IT FURTHER IS ORDERED that counsel additionally shall send a hard copy of all exhibits filed, for this case, to the Las Vegas Clerk's Office.

The Court will screen the amended petition filed before directing a response, but respondents should respond to any motions filed with the amended petition within the normal time frame under the local rules.

DATED: This 19th day of March, 2013.

_____
ROBERT C. JONES
Chief United States District Judge