# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY PRENTICE,

    *Petitioner*,

vs.

RENEE BAKER, *et al.*,

    *Respondents*.

3:10-cv-00743-RCJ-VPC

ORDER

This habeas matter comes before the Court for initial review of the amended petition (#32) under Rule 4 of the Rules Governing Section 2254 Cases. Following initial review of the petition, a response will be directed.

IT THEREFORE IS ORDERED that respondents shall have **sixty (60) days** from entry of this order within which to respond to the petition, as amended. **Any response filed shall comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4.**

IT FURTHER IS ORDERED that – for this case – respondents **shall** combine any procedural defenses with their response on the merits within a single consolidated response. Procedural defenses omitted from respondents' single consolidated response to the petition will be subject to potential waiver.[1]

---

[1] The amended complaint, in the main, presents five grounds alleging viable claims that petitioner was deprived of effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments. The
(continued...)

1    IT FURTHER IS ORDERED that, in the response on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim. If review of the case requires reference to additional state court record materials that were not filed with the amended petition, respondents shall file a chronologically indexed set of exhibits with copies of same with the response, with a hard copy sent to the Las Vegas Clerk's Office.

   IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of the response to file a reply.

   **IT FURTHER IS ORDERED that, given the age of the case, no extensions of time should be sought based upon scheduling conflicts with other cases on the docket of this Court unless the other case was filed prior to this case, absent compelling circumstances.**

   DATED: November 25, 2013.

   _____
   ROBERT C. JONES
   Chief United States District Judge

---

¹(...continued) counseled amended petition states the claims variously as being that "[t]he Nevada Supreme Court erred when finding that the district court did not abuse its discretion by finding trial counsel was not ineffective," "[t]he Nevada Supreme Court erred when finding that the district court did not abuse its discretion by not holding an evidentiary hearing to determine if trial counsel was ineffective," and/or petitioner's "constitutional right to due process was violated because the Nevada Supreme Court erred when finding that the district court did not abuse its discretion in denying the claim of ineffective assistance of counsel." To be abundantly clear, any error or abuse of discretion by the state supreme court and/or state district court in the state post-conviction proceedings does not independently give rise to a claim of constitutional error in a federal habeas proceeding. Nor is the Court reviewing the decision of the state supreme court as an appellate court for error. Rather, the Court is reviewing petitioner's actual constitutional claims – *i.e.*, that he was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments – under the deferential standard of review set forth in 28 U.S.C. § 2254(d). While respondents of course may assert any available procedural defenses in their response, the Court does not wish to delay a resolution of the merits of the case over these points. In the single consolidated response provided for by this order, respondents shall respond to the merits of the actual ineffective-assistance claims presented even if they otherwise challenge the manner in which the claims are framed in the counseled amended petition.